UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAGI BARZILAY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:07CV01781 ERW |
| | ) |
| TAMAR BARZILAY, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's First Amended Motion to Dismiss Request for Provisional Remedies [doc. #6] and Defendant's Motion to Dismiss the Verified Petition for Return of Minor Children [doc. #7].

**I. BACKGROUND FACTS**[1]

Both Plaintiff and Defendant are Israeli citizens, and at the time of their marriage, on November 10, 1994, the parties resided in Tel Aviv, Israel. The Parties have three children, who are all Israeli citizens; the two youngest children also have American citizenship. None of the children have resided in Israel for an extended period of time. On January 31, 2001, the Barzilay family moved to Missouri, and Defendant and the three minor children have lived in Missouri since that time. On January 6, 2005, the Circuit Court of St. Louis Count dissolved the Parties marriage and entered a divorce decree in accordance with an agreement entered into by the Parties. The divorce decree established joint custody between the two parties.

---

[1]These facts are taken from the Complaint, and from the affidavit submitted by Defendant in support of her motion to dismiss. The facts are largely undisputed by the parties, rather it is the legal significance of the facts that remains at issue.

1

As part of the divorce decree, the parties agreed that upon the repatriation of one parent to Israel, the other parent would "forthwith" return to Israel with the minor children. On September 15, 2005, the Plaintiff repatriated to Israel, while Defendant remained in Missouri, with the minor children.

In June, 2006, Following Plaintiff's repatriation, Defendant, her current husband, Matt Johnson,[2] and the Parties' three children, returned to Israel with Plaintiff after a weekend visit by Plaintiff to Missouri. The Defendant and her three children intended to return to Missouri on July 9, 2006. During this trip to Israel, on July 3, 2006, Plaintiff filed a Request for Stay of Exit of Minors Ex Parte in the Family Court in K'far Saba, Israel. During this court proceeding in Israel, Plaintiff argued that the Defendant had violated the Missouri Court's divorce decree by failing to repatriate to Israel with the three minor children, following the Plaintiff's repatriation. Defendant was made aware of this proceeding on July 4, 2006. The Defendant retained possession of the three minor children's passport's, therefore necessitating the Defendant's cooperation with the Israeli court proceeding. During the course of the Israeli proceedings, the parties entered into a consent agreement, in which the Defendant agreed to a modified visitation schedule between the minor children and the Plaintiff, and further agreed to return to Israel with the minor children by August 1, 2009.

Defendant testified, through her affidavit, that she only signed the consent agreement in an effort to retain custody of her minor children, and to be allowed to return with them to the United States. Furthermore, Defendant testified that she was concerned that if she did not return to the United States on July 9, 2006, she would risk losing her employment. Defendant testified that during the negotiations of the consent agreement she was detained late into the night in an Israeli

---

[2]The Defendant and Matt Johnson were not married at the time of the trip to Israel.

2

court, and that she believed that she would not be allowed to leave with her children if she did not sign the agreement. Defendant testified that she had this belief based on comments made by the Israeli judge. The Defendant has retained counsel in Israel and is disputing the judgment that was entered upon the consent agreement.

Following Defendant's return to the United States, the Plaintiff again filed suit in Israeli Court, arguing that Defendant had failed to comply with the consent decree. A second Israeli Court proceeding took place, and on July 3, 2007, the Israeli Court issued a judgment holding the Defendant in contempt for failing to return the children to Israel for a visit, in accordance with the terms of the consent agreement. Defendant testified in her affidavit that she did not return the children to Israel for a visit for fear that they would not be returned to her.

On June 6, 2007, Defendant filed a petition with the Circuit Court of St. Louis County requesting that the court modify the divorce decree to restrict the Plaintiff's visitation rights with the minor children. That case is still on going, however, on October 23, 2007, the state court issued an order addressing the father's motion to dismiss or in the alternative to decline jurisdiction. The state court denied that motion.

## II. PROCEDURAL HISTORY

Plaintiff initially filed suit in this Court on October 18, 2007, seeking the return of his three minor children, and immediate access to those children under the International Child Abduction Remedies Act (ICARA). 42 U.S.C. § 11601 *et. seq.* ICARA was enacted following the Convention on the Civil Aspects of Child Abduction, done at The Hague on 25 October 1980 ("the Hague Convention"). The Defendant has filed two Motions to Dismiss. The first Motion to Dismiss asks this Court to dismiss Plaintiff's request for provisional remedies and issuance of a show cause order. Defendants Second Motion to Dismiss seeks to dismiss Plaintiff's complaint in

its entirety for failure to state a claim. A brief hearing was held before this Court on October 25, 2007. During that hearing, the Parties represented to the Court that they had reached an agreement regarding visitation for the duration of these proceedings, thus negating the need for this Court to provide provisional remedies.

### III. STANDARD OF REVIEW

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*,

478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. Mo. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## IV. DISCUSSION

### A. Jurisdiction

The first question which this Court must address is whether the Court has subject matter jurisdiction. *Hunter v. Underwood*, 368 F.3d 468, 475 (8th Cir. 2004) ("Every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction." (internal citation omitted)). The law is quite clear that a Court can not proceed to adjudicate a claim where the Court's jurisdiction is lacking.[3] *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990) ("'Federal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking.'" (quoting *Hughes v. Patrolmen's Benevolent Association of City of New York, Inc.*, 850 F.2d 876, 881 (2nd Cir. 1988)).). There are two jurisdictional questions raised by this action. The first is whether this Court has jurisdiction under ICARA to determine whether the children are wrongfully retained in Missouri, the second is

---

[3]The Defendant's Motions to Dismiss asserts that Plaintiff has failed to state a claim, however, interwoven into both of the pending motions is the assertion that this Court lacks jurisdiction, both to enforce the Israeli Court orders, as well as to make a determination under the Missouri Divorce Decree. The Court will address all of the jurisdictional questions as a preliminary matter, before reaching a determination on whether or not the Plaintiff has stated a claim under ICARA.

whether this Court should address the question of the children's presence in Missouri, considering the on-going state court proceeding.

### 1. Federal Subject Matter Jurisdiction

The first consideration is whether there is subject matter jurisdiction under ICARA, for this Court to proceed, especially in light of the two Israeli Court proceedings that have taken place. The purpose of ICARA is to "establish procedures for the implementation of the Convention in the United States." 42 U.S.C. § 11601(b)(1). Under the "Findings" provision of the statute, Congress made specific findings regarding international abductions. Congress stated:

> The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

42 U.S.C. § 11601(a)(4). ICARA specifically provides that "[t]he courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention. 42 U.S.C. § 11603(a). Based on these provisions the Court concludes that it has subject matter jurisdiction under ICARA, and will now consider whether the State Court action, which pre-dates Plaintiff's action in this Court, requires the Court to abstain from adjudicating the merits.

### 2. Abstention

The Court must next determine whether the on-going state custody proceeding requires this Court to abstain from adjudicating Plaintiff's complaint. The Court initially notes that ICARA provides concurrent jurisdiction in the courts of the States and the United States district

courts. 42 U.S.C. § 11603(a). However, it is less clear whether this Court should abstain from exercising its jurisdiction pending the outcome of state custody proceeding.

An action under the Hague Convention does not address questions of custody, as specifically stated in ICARA, "the Convention and this Act empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 42 U.S.C. § 11601(b)(4); *See also Rigby v. Damant*, 486 F.Supp.2d 222, 226 (D.Mass. 2007). In a thorough analysis, the Third Circuit found that

> [i]n a situation where there is a state court custody proceeding and a petition is filed in federal court under the Hague Convention, but the Hague Convention has not been raised, or raised but not litigated, in the state court, the federal court has generally found that abstention is not appropriate. Where the Hague Convention Petition has been raised and litigated in the state court, abstention by the federal court has generally been found to be appropriate.

*Yang v. Tsui*, 416 F.3d 199, 202 (3rd Cir. 2004). The Eighth Circuit reached a similar result in *Silverman v. Silverman*, holding that abstention was improper, where the state court proceeding addressed only questions of custody, and did not address the Hague Convention petition raised by Plaintiff. 267 F.3d 788, 792 (8th Cir. 2001) (*Silverman I*) ("Because the Hague issue has not been addressed, we believe the appropriate course of action is to remand the matter to the district court to consider whether the Silverman children were wrongfully removed."). In *Silverman I*, the Eighth Circuit emphasized the fact that the state court had not made a determination on the Hague issue. *Id.* However, on appeal a second time, the Eighth Circuit more broadly stated that "we reversed and remanded the case for an evidentiary hearing, finding that abstention does not apply in Hague Convention cases." *Silverman v. Silverman*, 338 F.3d 886, 891 (8th Cir. 2003) (*Silverman II*). However, throughout *Silverman II*, the Eighth Circuit again emphasized the fact that the state court made only a custody determination, and did not reach the merits of the Hague issue. *Id.* at 892 ("The state court determined neither the 'habitual residence' of the children nor

7

the issue of 'wrongful removal or retention' as required by and defined in the Hague Convention and ICARA."). ICARA further supports the position that a federal court should abstain from asserting jurisdiction where a state court determination has been made. 42 U.S.C. § 11603(g). ICARA states that "[f]ull faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this chapter." 42 U.S.C. § 11603(g).

Under the two *Silverman* cases, the Eighth Circuit has made it clear that abstention is not required when there is an ongoing state court case. *Silverman I*, 267 F.3d at 792; *Silverman II*, 338 F.3d at . However, the *Silverman* cases are factually distinguishable, as there was no state court decision on the question of habitual residence under ICARA. As stated by the Third Circuit, "[i]t is clear that if the state proceeding is one in which the petitioner has raised, litigated and been given a ruling on the Hague Convention claims, any subsequent ruling by the federal court on these same issues would constitute interference." *Yang*, 416 F.3d at 203. In the case at bar, the state court held that "the mere presence of the minor children on vacation in Israel is insufficient to establish a 'habitual presence' so as to fall under the purview of International Child Abduction Remedies Act, 42 U.S.C. § 11601 et. seq. (2000)." *Def. Mot. to Dismiss*, Ex. A. While the state court does not specifically make a finding of whether the minor children were wrongfully removed to, or wrongfully retained in, the United States, it necessarily follows from a finding of habitual presence in the United States that the minor children were not wrongfully removed from Israel. *See Silverman II*, 338 F.3d at 897 ("The Hague Convention protects children from wrongful removal or retention from their habitual residence."). If the Plaintiff is not

satisfied with the state court ruling, then the Plaintiff's only available course of action is to appeal that decision.

### B. Failure to State a Claim

As well as arguing that the case should be dismissed because of the ongoing state court action, the Defendant also argues that the case should be dismissed on the merits, based on Defendant's argument that the United States is the minor children's habitual residence. However, the Court will defer to the state court's finding on this question, and need not address the merits of Plaintiff's ICARA claim in further detail.

## V. CONCLUSION

The Court concludes that Defendant's first Motion to Dismiss is denied as moot. The parties reached a voluntary agreement as to custody, while the case is ongoing, and therefore it is unnecessary to address the merits of Plaintiff's request for immediate access to the children. The Court further concludes that Defendant's Second Motion to Dismiss is granted. It is appropriate to dismiss the pending action on the basis of abstention. The state court has concurrent jurisdiction over claims under ICARA, has already determined the habitual residence of the children, and therefore, it is proper that this Court defer to the state court's judgment on the question.[4]

Accordingly,

---

[4]This Court is not unmindful that Defendant entered into a good faith agreement with the Plaintiff to return to Israel, with the minor children, upon repatriation by Plaintiff. When Plaintiff repatriated to Israel, Defendant refused to honor her agreement. While in Israel with the minor children, in order to be allowed to take the children out of Israel, she promised to return the minor children to Israel, to gain the permission of the court of Israel before returning them to the United States; Defendant knew that she had no intention of returning the minor children to Israel. It will be a miscarriage of justice if she is successful in her refusal to honor her agreement to return the children to Israel, and benefit from the deceit she practiced on the Israeli Court.

9

**IT IS HEREBY ORDERED** that Defendant's First Amended Motion to Dismiss Request for Provisional Remedies [doc. #6] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Verified Petition for Return of Minor Children [doc. #7] is **GRANTED**.

Dated this 4th Day of December, 2007.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE