UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAGI BARZILAY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV01781 ERW |
| | ) | |
| TAMAR BARZILAY, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment [doc. #17] and Plaintiff's Motion for Oral Argument [doc. #18].

## I. BACKGROUND

Plaintiff filed suit on October 18, 2007, alleging that Defendant was wrongfully retaining the Parties' three minor children in the United States, when their habitual residence is Israel. Defendant filed two Motions to Dismiss: Defendant's First Amended Motion to Dismiss Request for Provisional Remedies [doc. #6] and Defendant's Motion to Dismiss the Verified Petition for Return of Minor Children [doc. #7]. This Court ruled in favor of Defendant on her motion to dismiss the Verified Petition, denied as moot Defendant's Motion to Dismiss Request for Provisional Remedies, and granted judgment in favor of Defendant. The Court held that the question of habitual residence under the International Child Abduction Remedies Act (ICARA) had been decided by the state court, and therefore it would be inappropriate for this Court to take any further action. Defendant now petitions the Court, under Federal Rules of Civil Procedure

59 and 60, to amend its prior judgment. The Court will now address Defendant's pending motion.[1]

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend the judgment may be filed, within ten (10) days of the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 60 provides for relief from judgment for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

## III. DISCUSSION

Plaintiff timely filed a motion to alter or amend the judgment on December 7, 2007, within ten days of this Court's entry of judgment on December 4, 2007. However, the Court does not believe that Plaintiff has provided any evidence or argument sufficient to overcome this Court's prior analysis and judgment. Plaintiff asserts that this Court failed to recognize the procedural circumstances in which the state court judge made a finding on habitual residence. Specifically, Plaintiff argues that no application was ever made before the state court for relief under ICARA, 42 U.S.C. § 11601 *et seq.* Defendant responds that while a specific application may not have been made, the Plaintiff raised the same arguments in a motion to dismiss the state court action, and therefore, the issue was sufficiently before the state court judge.

This Court specifically quoted *Yang v. Tsui*, which stated that abstention is appropriate where "the Hague Convention Petition has been raised and litigated in the state court. . . ." 416 F.3d 199, 202 (3rd Cir. 2004). The fact that the case before the state court was not specifically

---

[1]Defendant has also filed a Motion for Oral Argument on the Motion to Amend, however, the Court has heard Defendant's arguments in full, and does not believe that additional oral arguments on the matter are warranted.

brought as a Hague Convention Petition does not change the result. While Plaintiff is correct, that a federal court need not abstain due to an ongoing state custody proceeding, the fact that the Hague Convention issue was decided in the context of a state custody proceeding is not sufficient to prevent abstaintion. The state court is competent to decide the issues before it, including the question of habitual residence under the Hague Convention and ICARA. Therefore, Plaintiff's remedy is to appeal the state court's decision in the state court of appeals.

This Court further finds that because Plaintiff has failed to show sufficient grounds for this Court to alter its December 4, 2007 judgment, there is no basis for this Court to address any request for provisional remedies. Plaintiff's concerns regarding access to the minor children are properly raised before the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment [doc. #17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument [doc. #18] is **DENIED**.

Dated this 19th Day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE