UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAGI BARZILAY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01781 ERW |
| ) | |
| TAMAR BARZILAY, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Stay Pending Appeal and Imposition of Provisional Measures Pending Appeal [doc. #25].

**I. BACKGROUND**

Plaintiff filed a petition in this Court seeking the return of his minor children. Defendant filed a motion to dismiss Plaintiff's petition, which this Court granted on December 4, 2007. Plaintiff filed a motion to amend the judgment on December 7, 2007, which was denied. Plaintiff has now filed a motion to stay the proceedings in state court pending the appeal of this Court's judgment. Plaintiff also seeks the imposition of provisional remedies.

**II. DISCUSSION**

Federal Rule of Appellate Procedure 8 provides for a district court to enter a stay or an injunction pending appeal. Fed. R. App. P. 8. "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal . . . ." Fed. R. App. P. 8(a)(1)(A). The Supreme Court has articulated four factors to be considered by the district court in determining whether a stay is appropriate: "(1) whether the stay

1

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

As an initial matter, the Court notes that a large portion of Plaintiff's memorandum is disputing the Court's legal conclusions in its rulings on Defendant's motion to dismiss and Plaintiff's motion to amend the judgment. The Court has already addressed the legal question of whether this Court was the appropriate jurisdiction to address Plaintiff's claims under the International Child Abduction Remedies Act ("ICARA") and concluded that it was not. Therefore the Court does not see any basis for staying the state court action pending the appeal of this matter. This is supported by a review of the factors articulated by the Supreme Court. *Hilton*, 481 U.S. at 776. Plaintiff has not made a strong showing that he is likely to succeed on the merits. *Id.* Nor has he shown that he will be irreparably injured absent a stay. *Id.* Contrary to Plaintiff's assertions, the state court has addressed the question of proper jurisdiction under ICARA, and the state court may continue to address the concerns raised by Plaintiff in that forum. The third factor weighs against Plaintiff, as it is in the interest of the Defendant, and the minor children, to have the state court proceed with the custody proceedings. *Id.* The final factor, the public interest, also weighs against Plaintiff. *Id.* The best interest of the children is the standard routinely used to determine custody arrangements of minor children, allowing the state court to continue will further this goal, as it will allow for permanent arrangements for custody and visitation. Furthermore, as stated numerous times by this Court in its previous orders, the state court can adequately address all of Plaintiff's concerns. Contrary to Plaintiff's assertion, raising

substantive arguments before the state court will in no way moot the appeal which is pending before the Eighth Circuit in this action.

Lastly, the Court addresses Plaintiff's motion for this court to enter provisional remedies. This Court has abstained from this action, dismissing the case to allow the state court to proceed. Any access to the children sought by Plaintiff should be sought in the state court. This is not the appropriate forum to file such a request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay Pending Appeal and Imposition of Provisional Measures Pending Appeal [doc. #25] is **DENIED**.

Dated this 28th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE